UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **EARL J. VOISION** | **CIVIL ACTION NO. 11-2008** |
| VS. | SECTION P |
| **TERRY TERRELL, ET AL.** | **JUDGE MINALDI**<br>**MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 filed *in forma pauperis* on November 8, 2011, by *pro se* petitioner Earl J. Voisin. Doc. 1. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Petitioner names the following as respondents herein: ACC Warden Terry Terrell; the State of Louisiana; the 16th Judicial District Court (16th JDC); Iberia Parish District Attorney; and Judge Gerard B. Wattigny.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### STATEMENT OF THE CASE

Petitioner essentially seeks to have this court order the state court or its officers or employees to provide documents pertaining to his state criminal action. He also asks that this court remove Judge Wattigny from his case and to charge Judge Wattigny with contempt of

court. In addition, petitioner seeks monetary damages based on the respondents' failure to comply with certain Louisiana State Code Articles.

## LAW AND ANALYSIS

Petitioner seeks to invoke the mandamus jurisdiction of this court. Title 28 U.S.C. section 1361 provides in pertinent part, "[D]istrict courts . . . have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff" (emphasis supplied). None of the respondents herein are officers or employees of the United States. In sum, the federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency. Thus, this court is without power to enter the requested order. Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

Therefore,

**IT IS RECOMMENDED** that petitioner's Petition for Writ of Mandamus be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER RECOMMENDED** that petitioner's motion for appointment of counsel [doc. 9] be **DENIED AS MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of May, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE